### TANENBAUM v. EISEMAN et al.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. CONTRACT FOR INSURANCE—CONSTRUCTION.

Under a contract of April 30th, which, by its terms, was to run for six years, authorizing plaintiff to effect the insurance of defendant firm, and providing that plaintiff should from time to time, as the same expired, renew all policies procured or renewed by him for defendants during said six years, defendants not to renew or permit renewal by any one else, the insurance being effected on April 15th, plaintiff was not entitled to renew it the sixth year for the seventh year; defendants having then dissolved and gone out of business, and not being in need of any renewals.

Appeal from Trial Term, New York County.

Action by Moses Tanenbaum against Samuel Eiseman and another. From a judgment on a verdict directed for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

A. Blumenstiel, for appellants.

Leo N. Levi, for respondent.

O'BRIEN, J. The only question which we think requires discussion is that which relates to the allowance of damages for five years, instead of four years, as contended by the appellants. We think it was error to allow the plaintiff to recover for five renewals. The contract, by its terms, was to run for the period of six years—from April 30, 1897, to April 30, 1903. The policies, it appears, were taken out the latter part of January and the latter part of April, yearly; and thus, as stated by the plaintiff, "all of them were maturing on or prior to April 15th of each year. The policies were taken out for one year. Consequently, when they are renewed, they are renewed for the same term." According to this view, he was entitled to renewals on April 15, 1899, April 15, 1900, April 15, 1901, April 15, 1902, and April 15, 1903, making five in all; the contract expiring April 30, 1903. As stated, the contract ran from April 30, 1897, and its breach resulted from the notice given by the defendants on January 3, 1899. Under the agreement, therefore, there would, as we understand it, be four annual renewals which the plaintiff would have the right to obtain, and for the refusal of the defendants to accept such renewals the plaintiff was entitled to recover damages. We fail to see, however, upon what theory a recovery could be had for five renewals.

In this connection, we have not overlooked the phraseology of the contract, which, in its first provision, reads:

"The said parties of the first part shall also from time to time, as the same expire, renew all policies procured or renewed by them for the parties of the second part, as aforesaid, during the said period of six years * * * and agree [second clause] that * * * they [the defendants] will not renew or cause or permit to be renewed by any one whomsoever, except through the said parties of the first part, any fire insurance whatever during the said term. * * *"

If, during the six years, and before the 30th of April, 1903, the defendants renewed their policies for the succeeding seventh year, then, although the policies, by their terms, would run beyond the period of their contract, there would be force in the suggestion that by its provisions the defendants were compelled to effect such renewals through the plaintiff. It appears, however, that in 1898 the defendants dissolved and went out of business, and did not, in fact, renew their insurance; and we find nothing in the contract which obliged them, whether they remained in business or not, and whether they desired to renew the insurance for another year or not, to allow the plaintiff on April 15, 1903, to take out new policies. We do not think, therefore, that he was entitled to renewals for more than four years, during

which, as provided by the contract, the defendants were to effect insurance for the amount specified through the plaintiff or his firm. There being nothing which compelled the defendants to renew for any additional period beyond the term of the contract, and it appearing, as matter of fact, that they did not need any renewals on April 15, 1903, because they had dissolved and gone out of business, it follows, we think, that it was error to allow for the fifth year upon the theory that the renewals for the additional year had to be procured just before the time fixed for the expiration of the contract, whether the defendants wanted or needed the insurance or not.

The amount included for this fifth year should, therefore, be deducted, and, if the plaintiff will stipulate to that effect, the judgment should be so modified and affirmed, together with the order appealed from, without costs; but, upon refusal to so stipulate, the judgment and order should be reversed, and a new trial ordered, with costs to the appellants to abide the event.   All concur.